## PARSONS, LATE SHERIFF, v. PHILLIPS ET AL.

Receiptsmen for goods attached, are not bound to hold them from the debtor more than sixty days from the judgment, unless demanded within that time.

ACTION upon a receipt given for goods taken by an attachment, declaring that on the 21st day of August A. D. 1786, by virtue of a writ of attachment in favor of Charles Sigourney against William Richards and Samuel Buel for £400 lawful money, the plaintiff attached certain goods, wares, etc. the property of said Richards, viz. (describes them,) to the amount of £400 lawful money; that he delivered said goods to the defendants upon their request to keep and return, and thereupon the defendants executed their receipt to the plaintiff, dated the 21st day of August A. D. 1786, therein promising to redeliver all said goods to the plaintiff when required; that he made return of said writ with his doings thereon, properly indorsed, to the County Court holden at Middletown in and for the county of Middlesex, on the second Tuesday of December A. D. 1786 — which action was duly entered in the docket of said court and by sundry legal removes came to the Superior Court, holden at Haddam on the second Tuesday of January A. D. 1790, when and where said Sigourney, by the consideration of said court, recovered judgment in said action against said Richards and Buel for £290 1s. 6½d. lawful money damages and his cost.

That said Richards immediately after said judgment was entered up against him and said Buel, prayed out a writ of error against said judgment before any execution was taken

out thereon, dated the 27th of February A. D. 1790, properly signed, etc. returnable before the Supreme Court of Errors, to be holden at Hartford on the Tuesday of the week preceding the second Thursday of May A. D. 1790 — which on the 6th of March after, was duly served on the plaintiff and returned to said Supreme Court, and was continued to the session of said court in October A. D. 1790, when said court gave judgment that there was nothing erroneous in the judgment of the Superior Court, and execution was taken out upon said judgment of the Superior Court, dated the 16th day of October A. D. 1790 and directed in common and legal form and delivered to the sheriff to serve and return, and on the 29th day of said October he made return that he had made demand of said William W. Parsons, late sheriff, also of said William Richards for said goods, etc. but none were shown, nor could he find any whereon to levy said execution.

That thereupon said Sigourney instituted his suit against the plaintiff for not delivering said goods, etc. per writ dated 29th of October 1790, to the City Court, holden on the second Tuesday of November in said city of Middletown, and before said court recovered judgment for the sum of £303 lawful money damages and cost, which the plaintiff had been compelled to pay; that on the 29th of October A. D. 1790 the plaintiff made special demand of the defendants for said goods; that they had never delivered them, nor paid said Sigourney's execution — damage £400.

Plea in bar — That no execution was ever taken out on said judgment of the Superior Court, rendered on the second Tuesday of January A. D. 1790 until the 16th day of October 1790, and that no request or demand was ever made of the defendants for said goods, etc. until on the 29th of said October and that the judgment of the Supreme Court of Errors affirming the judgment of the Superior Court, was entered up, on the 12th of October A. D. 1790, and that more than sixty days had elapsed from the entering up said final judgment in the Superior Court on the second Tuesday of January 1790 and the 29th of October A. D. 1790, when said goods, etc. were first demanded of the defendants; and the defendants having previous to that time delivered them

to said Richards the original owner, upon his request, as by law they were obliged to do; that they offered to defend the plaintiff against the suit of said Sigourney, but he refused and suffered judgment against him by default. Plaintiff demurred.

Judgment — That the plea in bar is sufficient.

The statute is that no personal estate attached, shall be held to respond the judgment obtained by the plaintiff, at whose suit the same is attached, either against the debtor or any other creditor, unless such judgment creditor take out execution on such judgment, and have the same levied within sixty days after final judgment. The writ of error was no *supersedeas* to the plaintiff's proceeding, till served on the 6th of March, nor after the judgment in the Supreme Court of Errors was rendered; so that the plaintiff had more than sixty days clear of any incumbrance from the writ of error in which to have levied his execution. But having neglected to do it, and the defendants having delivered the goods to Richards the owner, the plaintiff was not liable to the creditor, and his remedy was by a new trial.